BUCHANAN v. ATLANTIC INDEMNITY CO.

[122 N.C. App. 393 (1996)]

---

MARK JONATHAN BUCHANAN, Plaintiff-Appellant v. ATLANTIC INDEMNITY COMPANY, Defendant-Appellee

No. COA93-1241

(Filed 7 May 1996)

**Insurance § 532 (NCI4th)— automobile insurance—family member exclusion—UIM coverage—injury in noncovered vehicle**

The family member exclusion in an automobile policy did not exclude underinsured motorists coverage for injuries sustained by the insured while occupying a vehicle owned by the insured which is not listed in the policy.

**Am Jur 2d, Automobile Insurance § 322.**

**Recoverability, under uninsured and underinsured motorist coverage, of deficiencies in compensation afforded injured party by tortfeasor's liability coverage. 24 ALR4th 13.**

Appeal by plaintiff from order entered 13 September 1993 in Buncombe County Superior Court by Judge Chase B. Saunders. Originally heard in the Court of Appeals 13 September 1994. Reconsidered in the Court of Appeals on 9 April 1996 upon mandate of our Supreme Court.

*Ball, Barden, Contrivo & Bell, P.A., by Ervin L. Ball, Jr., for plaintiff-appellant.*

*Steven D. Cogburn and Wyatt S. Stevens for defendant-appellee.*

JOHNSON, Judge.

On 18 October 1994, this Court issued an opinion reversing summary judgment for the defendant in a declaratory judgment action. *Buchanan v. Atlantic Indemnity Co.*, 116 N.C. App. 735, 450 S.E.2d 355 (1994) (unpublished). On 9 February 1996, our Supreme Court vacated our opinion and directed that we reconsider it in light of *Nationwide Mutual Ins. Co. v. Mabe*, 342 N.C. 482, 467 S.E.2d 34 (1996). *Buchanan*, 342 N.C. 642, 466 S.E.2d 275 (1996). Having so reconsidered, we reject defendant's argument that the family member exclusion in its policy excludes underinsured motorists (UIM) coverage for injuries sustained by the insured while occupying a vehicle owned by the insured which is not listed in the policy. In *Mabe*, this Court rejected, as did our Supreme Court, the "owned vehicle" or "family member" exclusion with regard to UIM coverage. *Mabe*, 115 N.C. App. 193, 444 S.E.2d 664 (1994), *aff'd*, 342 N.C. 482, 467 S.E.2d 34 (1996). Accordingly, the trial court's entry of judgment for defendant is reversed and the case is remanded to the trial court for entry of judgment for plaintiff.

Reversed and remanded.

Judges EAGLES and JOHN concur.